STATE OF NORTH CAROLINA
v.
DANIEL LOUIS SYKES.
No. COA09-228
Court of Appeals of North Carolina
Filed: September 15, 2009
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General Robert R. Gelblum, for the State.
John T. Hall, for defendant.
WYNN, Judge.
To determine whether an evidentiary ruling amounted to plain error, our review examines whether "absent the error, the jury probably would have reached a different verdict."[1] In this appeal, Defendant Daniel Louis Sykes argues that the trial court committed plain error, and chilled his right to testify, when it ruled that evidence of prior robberies could become admissible in rebuttal if he offered evidence that he did not use a dangerous weapon in committing the current robbery. Because Defendant has failed to demonstrate that he suffered any prejudice as a result of the alleged error, we find no prejudicial error.
The evidence at trial showed that Defendant entered a drug store on 9 November 2007, demanded that a photo lab clerk give him the money in her cash register, and told the clerk that he would shoot her if she did "anything crazy." Defendant had a shirt covering his left arm, and the clerk testified that Defendant pulled the shirt back far enough so she could see what she perceived as the barrel of a gun. The clerk gave Defendant money from the register. Defendant took the money and walked out of the store.
Defendant did not testify, but Detective John Valentine read a statement that Defendant gave to police into evidence:
I picked up the black coin thing out of the center console, wrapped the gray, long-sleeve T-shirt around my arm. I walked into the store, walked up to the photo counter. I leaned on the counter with my right arm and told her to empty the cash register. I told her to be calm. She said, I am. She opened the cash register, gave me tens and fives. I took the money, walked out of the store, got in the car, drove down Depot Street going down to Colson Street. I got to Colson Street, bought 100 dollars worth of crack. I smoked it out of a can on the back porch.
Detective Valentine testified on cross examination that officers found a coin holder and gray shirt, but no gun, in Defendant's car. The coin holder was admitted into evidence and published to the jury.
After Detective Valentine read Defendant's statement to the jury, the State sought to introduce evidence that Defendant was convicted of committing two similar robberies in 1995. After hearing voir dire testimony from two witnesses describing the incidents, the trial court concluded:
[T]his evidence is not admissible to prove modus operandi in light of the fact that the identity of the defendant is not at issue in this case and that this evidence would be more prejudicial than probative. The Court concludes that it may be admissible to rebut a defense that the weapon  that the defendant did not use a firearm in the commission of this robbery, and reserve ruling on that issue at this time, depending on the evidence that may be presented by the defense.
Defendant did not object to the trial court's ruling, and did not testify or offer any other evidence.
The trial court denied Defendant's motions to dismiss the charge at the close of the State's evidence and again after the presentation of all the evidence. The jury found Defendant guilty of robbery with a dangerous weapon, and the trial court imposed a mitigated-range sentence of 61 to 83 months in prison.
On appeal, Defendant argues the trial court committed plain error when it ruled that evidence of Defendant's prior robbery convictions could be admissible to rebut evidence that he did not possess a weapon, because that ruling chilled his right to testify. We disagree.
Plain error is "`fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done[.]'" State v. Odom, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (quoting United States v. McCaskill, 676 F.2d 995, 1002 (4th Cir.), cert. denied, 459 U.S. 1018, 74 L. Ed. 2d 513 (1982))(1983). This Court will only find plain error if the defendant "convince[s] us that absent the error, the jury probably would have reached a different verdict." State v. Morgan, 315 N.C. 626, 647, 340 S.E.2d 84, 97 (1986).
In this case, assuming arguendo that the trial court's conditional ruling was erroneous, Defendant has failed to demonstrate that he suffered any prejudice as a result of the alleged error, much less that the ruling amounts to plain error. In his brief, Defendant contends that, if not for the trial court's ruling, he would have testified that he robbed the clerk with a coin holder rather than with a gun. We note, however, that Defendant failed to make any offer of proof at trial as to what his testimony would have been in order to preserve this issue for appellate review. See State v. Manning, 139 N.C. App. 454, 534 S.E.2d 219, disc. review denied, appeal dismissed, 353 N.C. 273, 546 S.E.2d 385 (2000), aff'd per curiam, 353 N.C. 449, 545 S.E.2d 211 (2001).
Further, the jury heard evidence of the same assertion Defendant now contends he would have made through his testimony. Detective Valentine read Defendant's statement to police into evidence and also testified that officers found a coin holder and shirt, but no gun, in Defendant's car. The coin holder was published to the jury at Defendant's request. Thus, the jury received evidence that Defendant used the coin holder, rather than a gun, during the robbery. However, the jury clearly rejected Defendant's contention that he did not use a dangerous weapon, or an object perceived as a dangerous weapon, when it found him guilty of robbery with a dangerous weapon. See State v. Marshall, 188 N.C. App. 744, 754, 656 S.E.2d 709, 716 (2008) (presumption that "implement which appears to be a firearm or other dangerous weapon" is what the defendant represents it to be becomes a permissive inference where there is evidence that the victim's life was not endangered or threatened) (citations omitted). Given Defendant's failure to make an offer of proof, and because the jury found Defendant guilty of robbery with a dangerous weapon despite hearing evidence that he used a coin holder, we find no reasonable probability that the jury would have reached a different verdict even if Defendant had testified.
No prejudicial error.
Judges CALABRIA and STROUD concur.
Reported per Rule 30(e).
NOTES
[1] State v. Morgan, 315 N.C. 626, 647, 340 S.E.2d 84, 97 (1986).